UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL SIMS,                           No. 2:07-cv-02082-MCE-JFM

    Plaintiff,

  v.                                   MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,

    Defendant.

Plaintiff, Daniel Sims, brought the present action against Defendant, United States of America, alleging causes of action arising under the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 1346), the Immigration and Nationality Act ("INA") (8 U.S.C §§ 1225, 1226, 1227, 1229, 1229a, 1357, 1432), the United States Constitution (U.S. Const. amend. IV, V), and the California Constitution (Cal. Const. art. 1, §§ 7(a) and 13).  Presently before the Court is Defendant's Motion to Dismiss each of Plaintiff's claims.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

Plaintiff alleges that he was born in Canada and lawfully entered this country with his parents as a permanent resident immigrant when he was a small child. When Plaintiff was approximately eight years old, Plaintiff's father became a naturalized United States citizen. Plaintiff's parents divorced shortly thereafter. Several years later, Plaintiff's mother returned to Canada. Plaintiff's parents directed that Plaintiff would remain in this country with his father.

Plaintiff has a long history with the former Immigration and Naturalization Service ("INS"), the current Immigration and Customs Enforcement ("ICE"), and the Board of Immigration Appeals ("BIA"). In 1992, when Plaintiff was approximately twenty-one years of age, Plaintiff was arrested as a potentially deportable alien. Deportation proceedings were terminated based on the finding that, as a result of his father's naturalization, Plaintiff was more likely than not a citizen of the United States.

In 1996, Plaintiff pled no contest to possession for sale of a controlled substance. In 2002, Plaintiff was charged with, and entered a plea, to a DUI charge. That same year, Plaintiff was arrested and detained by INS agents. Over the next few months, Plaintiff appeared before Immigration Judges in Eloy, Arizona, as well as San Francisco, California.

///

---

[2] Unless otherwise stated, the following recitation of relevant facts is derived from Plaintiff's Complaint.

2

1     There appears to have been some dispute as to whether
2 Plaintiff's father's naturalization conferred United States
3 citizenship upon Plaintiff. There also appears to have been some
4 confusion as to whether Plaintiff's father had custody of
5 Plaintiff after Plaintiff's mother returned to Canada.  Plaintiff
6 was released on January 21, 2003.

7     On April 16, 2004, Plaintiff was again taken into custody,
8 and thereafter detained, in Yuba County, California.  Over the
9 following one year and four months, Plaintiff made several
10 appearances before an Immigration Judge in San Francisco,
11 California, filed numerous motions before the Immigration Judge,
12 and filed several appeals with the BIA.  Again, there appears to
13 have been some confusion as to whether Plaintiff's father's
14 naturalization conferred United States citizenship upon
15 Plaintiff.  On August 29, 2005, the Administrative Appeals Office
16 of the Department of Homeland Security's Citizenship and
17 Immigration Service issued a decision confirming Plaintiff's
18 status as a United States citizen.  Thereafter, Immigration and
19 Customs Enforcement ("ICE") released Plaintiff from custody and
20 dismissed the deportation charge.

21     Plaintiff filed an administrative claim against Defendant on
22 June 6, 2006, which Defendant received on June 12, 2006. Compl.,
23 ¶ 2; Motion to Dismiss, Erik Gantzel Declaration, ¶ 3, Exh. A.
24 Plaintiff subsequently brought this action against the United
25 States alleging tort claims for negligence, abuse of process, and
26 malicious prosecution, a violation of the INA, a violation of his
27 right against unreasonable seizure and imprisonment, and a
28 violation of due process and equal protection.

3

**STANDARD**

**I.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

**II.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short
2  and plain statement of the claim showing that the pleader is
3  entitled to relief," in order to "give the defendant fair notice
4  of what the... claim is and the grounds upon which it rests."
5  Conley v. Gibson, 355 U.S. 41, 47 (1957).  While a complaint
6  attacked by a Rule 12(b)(6) motion to dismiss does not need
7  detailed factual allegations, "a plaintiff's obligation to
8  provide the 'grounds' of his 'entitlement to relief' requires
9  more than labels and conclusions, and a formulaic recitation of
10 the elements of a cause of action will not do."  Bell Atl. Corp.
11 v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations
12 omitted).  "Factual allegations must be enough to raise a right
13 to relief above the speculative level."  Id. at 1965 (citing 5 C.
14 Wright & A. Miller, Federal Practice and Procedure § 1216, pp.
15 235-236 (3d ed. 2004) ("The pleading must contain something
16 more... than... a statement of facts that merely creates a
17 suspicion [of] a legally cognizable right of action").
18     If the court grants a motion to dismiss a complaint, it must
19 then decide whether to grant leave to amend.  The court should
20 "freely give" leave to amend when there is no "undue delay, bad
21 faith[,] dilatory motive on the part of the movant... undue
22 prejudice to the opposing party by virtue of... the amendment,
23 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
24 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
25 only denied when it is clear that the deficiencies of the
26 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
27 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).
28 ///

**ANALYSIS**

**I.   VENUE IS PROPER IN THIS COURT**

Pursuant to 28 U.S.C. § 1391(e), "[a] civil action in which a defendant is...the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."  The only applicable venue provision is section (2) concerning the occurrence of events or omissions. Defendant argues that, since Plaintiff's immigration hearings and appeals occurred in San Francisco, this case should be dismissed or transferred to the Northern District of California.  However, because the majority of Plaintiff's claims arose out of his April 16, 2004, detention, which occurred in Yuba County, California, and because Defendant alleges that he was detained at all pertinent times in the Eastern District, Defendant's Rule 12(b)(3) Motion to Dismiss for improper venue is denied.

///
///
///
///
///
///
///
///

**II.  CAUSES OF ACTION ARISING UNDER THE FEDERAL TORT CLAIMS ACT (MALICIOUS PROSECUTION, ABUSE OF PROCESS, AND NEGLIGENCE)[3]**

Under the Federal Tort Claims Act ("FTCA"), federal district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[T]he FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment."  Brown v. Armstrong, 949 F.2d 1007, 1012-1013 (8th Cir. 1991), citing U.S. v. Smith, 499 U.S. 160, (1991). Nevertheless, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  "Institution of suit within the two-year period is a jurisdictional requirement."  Mann v. U.S., 399 F.2d 672, 673 (9th Cir. 1968).

---

[3] While Plaintiff makes arguments regarding "False Imprisonment" in his Opposition to Defendant's Motion, his Complaint is entirely devoid of any mention of such a cause of action, and, as such, this Court will not address that hypothetical claim here.

"A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury. Accrual of a claim does not 'await awareness by a plaintiff that his injury has been negligently inflicted.'" Winter v. U.S., 244 F.3d 1088, 1090 (9th Cir. 2001), quoting U.S. v. Kubrick, 444 U.S. 111, 123 (1979).

Plaintiff presented his agency claim on June 12, 2006. Therefore, the parties agree that any of Plaintiff's FTCA claims that accrued prior to June 12, 2004, including any claims related to Plaintiff's detention from approximately October 31, 2002, through January 12, 2003, are time-barred. Nevertheless, a review of his claims as they pertain to Plaintiff's April 16, 2004, arrest and subsequent detention, is still required.

Because the "law of the place where the act or omission occurred" governs FTCA actions, and because all pertinent acts and omissions occurred in California, it is undisputed that California law applies. See Conrad v. U.S., 447 F.3d 760, 767 (9th Cir. 2006).

**A.  Malicious prosecution**

"Malicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause." Cedars-Sinai Medical Center v. Super. Ct., 206 Cal. App. 3d 414, 417 (2d Dist. 1988). In order to sustain a cause of action, Defendant must have been "actively instrumental in causing the prosecution.'"
///

Id., quoting 5 Witkin Summary of Cal. Law, Torts § 418, 503 (9th Ed. 1988). "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." Id., quoting Sullivan v. County of Los Angeles, 12 Cal. 3d 710, 720 (1974). Additionally, plaintiff must show that the prior action was terminated in his favor. Crowley v. Katleman, 8 Cal. 4th 666, 676 (1994).

Thus, Plaintiff argues that his cause of action for malicious prosecution did not accrue until the deportation proceedings were terminated in his favor during August of 2005, rendering timely the presentment of his administrative claim less than one year later. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). Defendants argue that the case law on which Plaintiff relies concerns only criminal prosecution and does not address malicious prosecution claims in the immigration context. However, because California recognizes a cause of action for malicious prosecution in non-criminal proceedings, and because a malicious prosecution cause of action does not exist prior to the favorable termination of such proceedings, this Court finds Plaintiff's argument persuasive. See Eastin v. Bank of Stockton, 66 Cal. 123, 124 (1884); Hardy v. Vial, 48 Cal. 2d 577, 580-581 (1957). Consequently, since his claim for malicious prosecution could not accrue until the immigration proceedings were terminated in his favor, and since Plaintiff filed his administrative claim within two years of that termination, his current claim is not time-barred.

1    Nevertheless, Plaintiff's claim must fail.  Under the
2 applicable FTCA provisions, the United States did not waive its
3 sovereign immunity as to all torts.  Rather, the United States
4 qualified its waiver of immunity by stating that only those
5 claims against it for "assault, battery, false imprisonment,
6 false arrest, abuse of process, or malicious prosecution" arising
7 from the alleged "acts or omissions of investigative or law
8 enforcement officers of the United States Government" were
9 actionable under the FTCA.  28 U.S.C. § 2680(h).

10    Plaintiff concedes that judges acting in an adjudicative
11 capacity, as he alleges in his Complaint, are not "investigative
12 and law enforcement officers."  See Arnsberg v. U.S., 757 F.2d
13 971, 978 n.5 (9th Cir. 1984).  Nevertheless, Plaintiff contends
14 that attorneys working for ICE so qualify.  28 U.S.C. § 2680(h).

15    An "investigative or law enforcement officer" is an "officer
16 of the United States who is empowered by law to execute searches,
17 to seize evidence, or to make arrests for violations of federal
18 law."  Id.  Immigration officers are empowered to make arrests,
19 execute warrants and make warrantless searches pursuant to
20 8 U.S.C. § 1357.  Accordingly, immigration officers are
21 "investigative or law enforcement officers" under § 2680(h).
22 Notably, however, that power is not given to attorneys in the
23 Code of Federal Regulations.  See 8 C.F.R. § 287.5(c)-(f).
24 Therefore, attorneys are not such officers.  Plaintiff's
25 malicious prosecution claim fails because his only allegations
26 remotely supporting a malicious prosecution claim concern the
27 actions of attorneys, immigration judges, and the Board of
28 Immigration Appeals.

1  Plaintiff's allegations pertaining to the conduct of actual
2 "investigative or law enforcement officers" during his last
3 arrest and detention are wholly insufficient to sustain his
4 claim.  Plaintiff states only that "[o]n or about April 16, 2004,
5 ICE Detention and Removal agent Weeks and another agent whose
6 identity is presently unknown again took custody of Plaintiff
7 Sims."  Compl., 5:25-26.  Plaintiff has pled no facts indicating
8 the officers acted without probable cause or maliciously.
9  Accordingly, Defendant's Motion to Dismiss Plaintiff's
10 Malicious Prosecution cause of action is granted under Federal
11 Rule of Civil Procedure 12(b)(6).

**B.    Abuse of Process**

Under California law, "[t]o succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of process not proper in the regular conduct of the proceedings." Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006).  The United States has waived its sovereign immunity for abuse of process claims to the same extent it did for malicious prosecution claims, only as to actions of "investigative or law enforcement officers."  Again, the only actions alleged to have been committed by such an officer were those stating that Plaintiff was taken into custody in April of 2004.

///
///

11

1  However, contrary to his above claim, because the tort of abuse
2  of process does not require that proceedings be terminated in
3  Plaintiff's favor, Plaintiff has no argument paralleling his
4  malicious prosecution claim that this cause of action accrued at
5  any point after his detention.  Consequently, because his
6  detention occurred on April 16, 2004, this Court lacks
7  jurisdiction over his cause of claim.  Defendants' Motion
8  regarding Plaintiff's Abuse of Process cause of action is granted
9  under Federal Rule of Civil Procedure 12(b)(1).

**C.   Negligence**

Contrary to its response to Plaintiff's above claims, Defendant does not challenge this Court's jurisdiction over Plaintiff's negligence claim, but argues, instead, that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To establish a negligence claim under California law, Plaintiff must allege that Defendant owed him a legal duty of care, that Defendant breached that duty, and that Defendant's breach was the actual and proximate cause of the Plaintiff's injury.  <u>Sakiyama v. AMF Bowling Centers, Inc.</u>, 110 Cal. App. 4th 398, 405 (2d Dist. 2003).

Because Plaintiff alleges no facts indicating that Defendant owed him a legal duty or that Defendant breached such a duty, and instead makes only conclusory assertions that Defendant's employees acted negligently, Plaintiff has failed to state a claim for negligence.

///

12

1  Defendant's Motion to dismiss Plaintiff's Negligence cause of
2  action is granted pursuant to Federal Rule of Civil Procedure
3  12(b)(6).

**III. CAUSES OF ACTION ARISING UNDER THE IMMIGRATION AND NATIONALITY ACT AND THE UNITED STATES AND CALIFORNIA CONSTITUTIONS**

In addition to his tort claims, Plaintiff alleges causes of action under the Immigration and Nationality Act ("INA") (8 U.S.C §§ 1225, 1226, 1227, 1229, 1229a, 1357, 1432) and both the United States Constitution (U.S. Const. amend. IV, V) and the California Constitution (Cal. Const. art. 1, §§ 7(a) and 13).  Defendant argues that none of these claims constitute grounds for a damages recovery under the FTCA.  Plaintiff concedes the point, and argues that he is not bringing these causes of actions as damages claims under the FTCA, but rather is seeking declaratory relief independently under each statutory or constitutional provision.

Plaintiff's argument fails because his exclusive remedy against the United States must fall under the FTCA.  Section 28 U.S.C. § 2679 (b)(1) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

///

///

13

Since Plaintiff alleges that all of Defendant's employees were acting within the scope of their employment, his only remedy has been foreclosed by the Court's prior analysis. See <u>Coto Orbeta v. U.S.</u>, 770 F. Supp. 54, 56 (D. Puerto Rico 1991) ("Once it is established or admitted that the government actor accused of negligent behavior was acting within the scope of his or her office, not only does one accrue a right of action against the government, but that is the *only* right of action available for that particular act or omission.").

Nevertheless, Plaintiff appears to argue that this Court's jurisdiction over his declaratory relief claims can be derived from the Administrative Procedures Act ("APA").[4] However, though the APA "does provide a waiver of sovereign immunity in suits seeking judicial review of a federal agency action," it does not provide the district courts with an independent basis of jurisdiction.

---

[4] Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, that any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

Gallo Cattle Co. v. U.S. Dept. Of Agric., 159 F.3d 1194, 1198 (9th Cir. 1998).

In addition, Plaintiff acknowledges that the Declaratory Relief Act ("Act")[5], like the APA, also provides no expansion of the Court's jurisdiction. Seattle Audubon Society v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). "A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so...[W]here jurisdiction exists, the Act is intended to allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation.  The Act is also intended to help potential defendants avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligation of the litigants." Id. (Internal citations omitted).  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

///

---

[5] The Act provides, in pertinent part, "In a case of actual controversy within its jurisdiction,...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

Thus, even if Plaintiff's claims were not foreclosed by the FTCA, Plaintiff has also failed to allege the existence of an actual controversy that is a prerequisite to this Court's exercise of jurisdiction. Seattle Audubon Society, 80 F.3d at 1405 ("Declaratory judgment actions are justiciable if 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"). Plaintiff makes the confusing argument that his allegations of violations of the INA and both federal and state constitutions evidence such a controversy. However, it is unclear how he purports to base his declaratory relief claims on the very causes of action that he concedes cannot provide the basis of his exclusive remedy under the FTCA.

Moreover, Plaintiff's claims for declaratory relief are not of the type anticipated in passing the Act. Plaintiff is not seeking earlier access to this Court in order to avoid the threat of impending litigation, nor is Plaintiff attempting to avoid a multiplicity of actions. Rather, in the instant case, the Court has disposed of all of Plaintiff's claims, and because the United States has determined that he is a citizen, there is no alleged threat of the reoccurrence of Defendant's prior actions. Consequently, there is currently no "actual controversy," and, even if Plaintiff could bring claims for declaratory relief despite the exclusivity of the FTCA, this Court would be unable to render a judgment.

///

///

16

Plaintiff seeks to circumvent the FTCA by obtaining a declaratory judgment stating that the actions giving rise to those precluded claims were unlawful. This Court cannot make such a statement. The Court's determination that Plaintiff's claims under the FTCA are time-barred or fail to state a claim is a declaration of its judgment. See Ulloa v. Potter, 2008 WL 2561939, *4 (D. Ariz.). Any other finding would obliterate the limitations Congress specifically imposed on litigants by enacting the FTCA. Defendant's Motion to Dismiss Plaintiff's remaining causes of action is granted.

**CONCLUSION**

Defendant's Motion to Dismiss is GRANTED with leave to amend as to each of Plaintiff's causes of action. Plaintiff may file an amended complaint, should he choose to do so, not later than twenty (20) days following the date of this Order.

IT IS SO ORDERED.

Dated: October 28, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

17